# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Monica S. Hanson,**
**Plaintiff Below, Petitioner**

**FILED**

**May 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 17-0478** (Kanawha County 15-C-1570)

**Suzuki Motor of America, Inc.**
**and Charleston Suzuki, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Monica S. Hanson, by counsel Brian R. Blickenstaff, appeals the April 24, 2017, order of the Circuit Court of Kanawha County that granted Respondents Suzuki Motor of America, Inc. and Charleston Suzuki, LLC's motion for a directed verdict in petitioner's action against Suzuki Motor of America, Inc. for its alleged violation of her car's express warranty and the "Lemon Law," West Virginia Code §§ 46A-6A-l to -9; and her action against Charleston Suzuki, LLC, for its alleged violation of her car's implied warranty. Respondents, by counsel Elizabeth Duncan Brewer, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding she failed to offer sufficient evidence of either an express warranty or the diminished value of her car.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 9, 2012, petitioner purchased a new 2012 Suzuki SX4 LE sedan (the "car") from Charleston Suzuki, LLC ("the dealership"). Suzuki Motor of America, Inc. ("the manufacturer") manufactured the car. Thereafter, petitioner took the car to the dealership for service for mechanical failures on March 6, 2013 (mileage 13,484); January 16, 2014 (mileage 36,778); and February 6, 2014 (mileage 37,216). Respondents claim they serviced the car each time under its express warranty and without cost to petitioner. On March 18, 2014 (mileage 39,046), petitioner again brought the car to the dealership for service because it "smoke[d] lightly at times." The dealership claims it inspected the car, but found no smoke and could not duplicate the problem.

On April 26, 2015 (mileage 61,861), petitioner had the car towed to the dealership when it became inoperable. Respondents claim the dealership examined the car and found (1) no coolant in the car's engine, (2) the oil was burned and low, and (3) extreme overheating had damaged the radiator and the radiator cap. Respondents also claim that "according to available

1

records," petitioner drove the car for more than fifteen months/25,000 miles without changing the oil. The dealership, therefore, refused to honor the warranty or to repair the car.

On August 18, 2015, petitioner brought this action against respondents seeking, among other things, revocation of acceptance of the car; the return of the car's full purchase price; damages for annoyance, inconvenience, and the loss of use of the car; and attorney's fees and costs. Respondents filed individual motions for partial summary judgment, which the circuit court granted. Thereafter, the matters remaining for trial were petitioner's claims against the manufacturer for breach of express warranty and violation of the Lemon Law, and petitioner's claim against the dealership for breach of implied warranty.

Trial commenced on April 3, 2017. During petitioner's case-in-chief, she testified generally about the car's express warranty; however, she did not introduce a written copy of the warranty into evidence. Instead, petitioner introduced the "Monroney Sticker" or window sticker that was affixed to the car when she purchased it. The sticker provided: "America's #1 Warranty" and "100,000 Miles/7 Yr Powertrain Limited Warranty • No Deductible • Fully Transferable." Petitioner testified that she relied on the warranty when she purchased the car. She also testified to the repairs made to the car under the warranty and the dealership's refusal to repair her car after its last breakdown. With regard to petitioner's claim of diminished value or "substantial impairment," she testified that the dealership refused to accept the car as a trade-in for a replacement vehicle. Petitioner also testified to the car's final sale price at auction, the balance she owed to the car's lienholder, and the times she did not have use of the car.

Petitioner also called Robert Funstuck, the dealership's former service manager, who introduced the car's repair history into evidence. Mr. Funstuck also referenced the car's express warranty and the dealership's denial of warranty coverage after the car's last breakdown.

Following petitioner's case-in chief, respondents moved for a directed verdict under Rule 50 of the West Virginia Rules of Civil Procedure. With regard to petitioner's Lemon Law and breach of warranty claims against the manufacturer, respondents argued that all of petitioner's claims sounded in, or were related to, respondents' duties under the car's express warranty, but that petitioner failed to move a copy of the express warranty into evidence during her case-in-chief. Respondents argued that, as a result, petitioner could not meet her burden of proof that respondents breached any of the terms found in the express warranty. Respondents also argued that petitioner presented no evidence proving a defect in the car that directly and proximately caused her alleged damages. Finally, respondents argued that even if petitioner had entered the express warranty into evidence, it would not have covered the damages caused by petitioner's failure to maintain her car as recommended by the manufacturer's specifications. Finally, with regard to petitioner's implied warranty claim against the dealership, respondents argued that petitioner presented no evidence showing that the car was not fit for its ordinary purpose.

Petitioner's counsel responded that "[petitioner] testified during her direct examination that there was a warranty that came with the vehicle, and . . . that plenty of the witnesses have testified that there was a warranty . . . ." Petitioner's counsel also said, "[petitioner] has testified as to the diminished value of the vehicle that the car was sold at auction for under $1,500 as far as that's concerned."

The circuit court granted respondents' motion for a directed verdict on all claims. With regard to petitioner's Lemon Law and breach of express warranty claims against the manufacturer, the circuit court found petitioner failed to introduce into evidence the express warranty or to show how the manufacturer's alleged warranty breaches diminished the value of petitioner's car. The circuit court likewise granted the dealership's motion for a directed verdict on petitioner's breach of implied warranty claim because petitioner did not prove the dealership's actions diminished the value of her car. Petitioner now appeals the circuit court's order.

> The appellate standard of review for the granting of a motion for a directed verdict pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

Syl. Pt. 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996). "When the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right to recovery, the trial court should direct a verdict in favor of the defendant." Syl. Pt. 1, *id.* (citing Syl. Pt. 3, *Roberts ex rel. Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964)).

Petitioner first argues that she presented sufficient corroborative evidence at trial to prove the existence of an express warranty. In support, petitioner cites to law regarding the *creation* of an express warranty, including West Virginia Code § 46-2-313(a) (stating seller's express warranty created by any affirmation of fact or promise made by seller to buyer which relates to goods and becomes part of basis of bargain creates express warranty that goods shall conform to affirmation or promise); and *Reed v. Sears, Roebuck & Co.*, 188 W.Va. 747, 754, 426 S.E.2d 539, 546 (1992) (stating plaintiff has no basis for breach of warranty claim unless plaintiff can demonstrate valid warranty created at time of sale of goods). Moreover, petitioner highlights that where a document is lost or destroyed, a party may use secondary evidence to prove its existence. *See* Syl. Pt. 4, *Edgell v. Conaway*, 24 W.Va. 747 (1884). Petitioner further argues she proved the existence and relevant terms of the express warranty at trial through the introduction of the car's window sticker, and through her testimony and that of her other witnesses who referenced the warranty. Accordingly, she concludes that the circuit court erred in granting respondents' motion for a directed verdict because she presented sufficient evidence to withstand that motion.

With regard to petitioner's argument that she proved the *creation* of an express warranty, we note that respondents do not dispute that petitioner's car was subject to an express warranty. Instead, respondents sought a directed verdict because petitioner failed to prove respondents *breached* any of the *terms* of the express warranty because petitioner failed to enter the express warranty into evidence at trial. The circuit court agreed, as do we. Without the admission of the written express warranty, it was legally impossible for petitioner to prove the elements of her Lemon Law or breach of warranty claim.

3

Pursuant to West Virginia Code § 46A-6A-3,

(a) If a new motor vehicle does not conform to *all applicable express warranties* and the consumer reports the nonconformity to the manufacturer, its agent or its authorized dealer during the term of the express warranties . . . , the manufacturer, its agent or its authorized dealer shall make the repairs necessary to conform the vehicle to the express warranties, notwithstanding the fact that the repairs are made after the expiration of the warranty term.

(b) If the manufacturer, its agents or its authorized dealer are unable to conform the new motor vehicle to *any applicable express warranty* by repairing or correcting any defect or condition which substantially impairs the use or market value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall replace the new motor vehicle with a comparable new motor vehicle which does conform to the warranties.

(Emphasis added.) Accordingly, to prove her Lemon Law claim, petitioner was required to show that her car did not conform to the terms of its express warranty.

Importantly, West Virginia Code § 46A-6A-2(3) defines a "[m]anufacturer's express warranty" and "warranty" as "the *written* warranty of the manufacturer of a new motor vehicle of its condition and fitness for use, including any terms or conditions precedent to the enforcement of obligations under that warranty . . . ." (Emphasis added.) Thus, for petitioner to prevail in her lawsuit, she was required to prove her car did not conform to the "written" terms of the express warranty. However, petitioner failed to introduce the written express warranty at trial or to explain why she failed to do so. Petitioner also failed to testify to the warranty period; what the warranty covered during that period; or to the warranty's conditions, exclusions, exceptions, or limitations. Finally, although petitioner entered the car's window sticker into evidence, it likewise did not satisfy the definition of "warranty" in West Virginia Code § 46A-6A-2(3).

With regard to petitioner's "secondary evidence" claim regarding a "lost or destroyed" document, petitioner fails to point the Court to anywhere in the record on appeal where she argued the express warranty was lost or destroyed. Nor does she explain why she did not enter into evidence at trial one of the three copies of the warranty provided to her by respondents prior to trial as "secondary evidence" of the warranty provided when she purchased the car. Consequently, we find the circuit court did not err in granting respondents' motion for a directed verdict because petitioner failed to introduce the express warranty into evidence at trial and, therefore, failed to establish a prima facie right to recovery.

Petitioner next argues that the circuit court erred in directing a verdict for respondents on the ground that she did not offer sufficient evidence regarding the alleged substantial impairment or diminished value of her car. Petitioner argues that she did prove substantial impairment/ diminished value when she introduced the car's Monroney Sticker that showed the sticker price, and evidence showing car's final sale price at auction; and when she testified to the multiple times she went without a car and that the dealership refused to accept the car as a trade-in due to its mechanical condition.

Under the Lemon Law, a consumer may recover damages "[i]f the nonconformity results in substantial impairment to the use or market value of the new motor vehicle . . . ." W.Va. Code § 46A-6A-4(a) (in part). Thus, petitioner was required to present evidence of a substantial impairment of the use or market value of the car. In *McLaughlin v. Chrysler Corporation*, 262 F. Supp. 2d 671 (N.D. W.Va. 2002), another "Lemon Law" case, the District Court for the Northern District of West Virginia held that the consumer must present objective evidence of "a defect or condition which substantially impairs the use or market value of the motor vehicle to the consumer. . . ." *Id.* at 679.

As we noted above, because petitioner did not enter the express warranty into evidence, she could not prove that her car did not conform to the terms of its express warranty. Consequently, she could not prove that any non-conformities caused the damage to her car. Accordingly, we concur with the circuit court's finding that petitioner did not offer sufficient evidence regarding the alleged substantial impairment/diminished value of her car. On this record, we find no error.

For the foregoing reasons, we affirm the circuit court's April 24, 2017, order granting the respondents' motion for a directed verdict.

Affirmed.

**ISSUED:** May 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

5